## WOLF v. BANKS.

1. PROBATE COURT: *No power to vacate judgment after lapse of term.*
   An order of the probate court setting aside a judgment of allowance at a previous term is null and void, and may be quashed in the circuit court on *certiorari*, but not by appeal.

2. ADMINISTRATOR: *Cannot speculate on the estate.*
   An administrator is a trustee and cannot speculate on claims against the estate. He will be allowed only what he pays for them and interest.

APPEAL from *Lee* Circuit Court.

Hon. J. N. CYPERT, Circuit Judge.

*Lyles & Harris*, for appellants.

The evidence shows clearly that the claim was allowed in due time, and was not barred.

The order of the probate court, at a subsequent term, setting aside the allowance of the claim at a preceding term,

was null and void, and the appeal should have been dismissed. *Cossett v. Biscoe*, *12 Ark.*, *95;* *McMorrin v. Overhalt*, *14 Ark.*, *246.*

The probate court properly allowed and classed the duplicate claim, upon proof of loss of the original. There is no particular time prescribed for the classification of claims.

*Malone & Watson*, of Memphis, and *L. A. Pindall*, for appellees.

The court below found, sitting as a jury, that the claim was barred, and this court will not disturb the finding. *25 Ark.*, *89;* *34 Ib.*, *221.*

The proof fails to show that the claim was presented for allowance in time. Wolf failed to testify that it was, and when a man has an opportunity to testify as to facts in dispute, and which are peculiarly within his own knowledge, a failure to tell what he knows is not only a circumstance, but a strong presumption against the claim of the party. *4 Heisk.*, *(Tenn.)*, *480;* *32 Ark.*, *346;* *Wharton on Evidence*, *sec. 1266.*

Wolf had funds in his hands belonging to the estate, when he purchased the claim from Lowenstein, and hence was a trustee, and can recover no more than he paid. *West v. Waddell*, *33 Ark.*, *587–8;* *Collins v. Warner*, *32 Ark.*, *91.*

ENGLISH, C. J. On the twenty-ninth of November, 1876, letters of administration upon the estate of Francis Moore, deceased, were granted to B. D. Hodges, by the Probate Court of Lee county.

On the eighth of December 1879, when it seems Hodges had ceased to be administrator, and C. H. Banks had been appointed administrator *de bonis non* of said estate, M. Wolf, a merchant of Memphis, Tennessee, presented to said probate court for allowance, an itemized open account

against the estate of Moore for merchandise, money, etc., amounting to $ 1,229.12.

The demand appears to have been sworn to in the usual probate form by Wolf, at Memphis, on the twenty-fourth of November,1879, before a commissioner of deeds, &c.; for Arkansas, and filed for allowance fifth of December following.

At the foot of the account was the following :—

"Duplicate of account made before this approved.

B. D. HODGES, *Adm'r.*

"Nov. 26th, 1879."

The eighth of December, 1879, the day on which the account was presented to the probate court for allowance, was a day of the regular November term, 1879. The court rendered judgment in favor of Wolf for the amount of the account, and classed it in the fourth class of claims against the estate. The record entry of the judgment recites that it was represented to the court that a duplicate of the account properly authenticated was presented to the administrator (Hodges), and by him allowed prior to the expiration of one year after the date of his letters ; hence the court treated the demand as not barred by the statute of non-claim.

It seems that Banks, the administrator *de bonis non*, appealed from this judgment, but there was no entry of the appeal on the record of the probate court.

On the fifth of January, 1880, a day of the regular November term, 1879, of the probate court, an attorney for the heirs of Francis Moore deceased, moved that the judgment of allowance be set aside, with leave to file exceptions to the allowance of the claim.

Which motion was ordered to be filed, to be acted on at the February term, 1880 ; but no action appears to have been taken on the motion at that term.

At the May term, 1880, the motion was taken up and

Wolf v. Banks.

heard, and the judgment of allowance entered at the November term, 1879, set aside and held for naught, and the claim disallowed. From this judgment, Wolf appealed to the circuit court,

In the circuit court, Wolf filed a motion to dismiss the appeal of Banks ; and that on his own appeal the order of the probate court setting aside the judgment of allowance, and disallowing the claim be declared null and void, and the court overruled the motion.

It was then agreed by the parties that Banks had taken an appeal from the judgment of allowance, though the probate record had failed to show it, and the cause was submitted to the court on depositions taken by the parties, and the court found that the claim was barred by the statute of *non claim*, and gave judgment disallowing it, and refused Wolf a new trial, and he took a bill of exceptions and appealed to this court.

I. The probate court had no power at the May term to set aside the judgment of allowance rendered by it at the previous November term, and the order setting it aside was null and void, and no appeal would lie from it, but it might have been quashed by the circuit court on *certiorari*. *Cossitt et al. v. Biscoe, 12 Ark., 95.*

1. PRO-BATE COURT. No power to vacate judgment after lapse of term.

The case was tried *de novo*, however, by agreement of the parties, on the appeal of Banks from the original judgment of allowance.

II. It is probable from all the evidence that the account of Wolf against the estate of Moore was originally a just claim, and that he presented it, properly sworn to, within the statute period of non-claim, to Hodges, the first administrator, for allowance, and that he indorsed his allowance, and returned it to Wolfe, and that it was perhaps lost or mislaid and hence a duplicate was presented to the probate court for allowance. The evidence discloses an ugly feature in the case,

2. Administrator can not speculate on the estate.

which perhaps induced his Honor, the circuit judge, to reject. the whole claim as barred.

After the death of Moore, Hodges administered on his. estate in Lee county, where it seems he had resided, and Wolfe also took out letters of administration in Shelby county Tennessee, where Moore left assets.

Wolf became insolvent, and assigned all his choses in action, and among them his account against the estate of Moore, to Lowenstein of Memphis, and obtained a discharge in bankruptcy.

After his discharge, and when he was still the adminis-- trator of Moore, and had assets of the estate in his hands, if he had not wasted them, he purchased, in November, 1878,. of Lowenstien, through one Warner, the account against the estate of Moore, paying not exceeding $100 therefor, and: afterwards proceeded to have the entire claim, ($1,229.12),. probated against the estate of Moore in Arkansas.

He was, himself, a trustee of part of Moore's estate, and not in a condition to speculate upon claims against it. *Trimble et al. v. James ad. 40 Ark., 393.*

The judgment of the court below rejecting the whole claim must be reversed, and a judgment will be entered here,. allowing the claim for $100 with interest from the last of November, 1878, to be classed in the fourth class of claims. against the estate of Moore.

This judgment will be certified to the court below, and by it to the probate court.