## JAMES *v.* GIBSON.

### Opinion delivered December 24, 1904.

1. PROBATE ALLOWANCE—FRAUD.—The allowance of a claim against an estate in the probate court is a judgment by which all parties are bound unless fraud be shown in its procurement. (Page 444.)

2. JUDGMENT—FRAUD.—The fraud for which a judgment will be vacated in equity must consist not in the original cause of action upon which the judgment was based, but in the procurement of the judgment itself. (Page 444.)

3. ADMINISTRATION — LACHES. — Unexplained delay by a creditor for fourteen years after the death of his debtor before procuring letters of administration on the latter's estate, he in the meanwhile holding possession of the lands of the estate and enjoying the rents and profits thereof without applying any part thereof to the payment of debts, is sufficient to bar his right to have such lands sold for debts. (Page 444.)

Appeal from Crittenden Chancery Court.

EDWARD D. ROBERTSON, Chancellor.

Reversed.

STATEMENT BY THE COURT.

Dr. D. E. Gibson, Sr., a citizen and resident of Shelby County, Tennessee, died in November, 1878, leaving a will devising all of his property, after the payment of his debts, to his wife, Emma M. Gibson, for life, with remainder; one-half to his nephew, D. E. Gibson, one of the appellees, and the other half to the appellants, children of the testator's brother, Addison Gibson, and naming the said Emma M. Gibson and D. E. Gibson as executrix and executor of his will. At the time of his death he owned a plantation, in Crittenden County, Arkansas, and crop, live stock and farming implements thereon, and also a house and lot at Gill Station, Tennessee, where he resided, and a lot of personal property. Mrs. Gibson and D. E. Gibson qualified as executors in the probate court of Shelby County, Tennessee, and filed an inventory showing that they had taken possession of all the personalty, being $644 in value in Shelby County, and $1,121 in value in Arkansas. D. E. Gibson filed three settlement accounts, the first on January 12, 1881, and the final one on May 17, 1889, which settlement accounts were confirmed by that court. The final account showed that D. E. Gibson had paid out for the estate the sum of $2,258.39 in excess of the amount of assets which had come into his hands, but in none of his accounts did he charge himself with the value of the Arkansas personalty. In July, 1893, letters of administration were issued from the probate court of Crittenden County to C. G. Fox, one of the appellees, upon the estate of the decedent, Dr. D. E. Gibson, Sr., and in January, 1894, D. E. Gibson filed, as a claim against the estate, the balance shown in his favor in his final settlement account in the probate court of Shelby County, together with the sum of $1,271.73 interest, making a total of $3,530.12, which was allowed by the Crittenden Probate Court as a claim against the estate. At the July term, 1894, of the Crittenden Probate Court appellee Gibson procured an order for the sale of the Arkansas lands for the purpose of raising funds to pay off his claim, which order directed a sale to be made on the 14th of August, 1894. This order was not

complied with, and the administrator, without any renewal of the order having been made, sold the lands on the 10th day of March, 1896, and the same were bought by the appellee, Gibson. The sale has not been confirmed by the probate court.

This suit was commenced on August 21, 1896, by appellants, the children of Addison Gibson, as owners of the half of the Arkansas property in remainder, in the chancery court of Crittenden County, against appellees, D. E. Gibson and C. G. Fox, alleging that the entire dealings of D. E. Gibson with the estate of Dr. Gibson were fraudulent; that the alleged judgment procured in the probate court of Shelby County and the allowance thereof by the Crittenden Probate Court were fraudulent, illegal and void, and that the attempted sale of the plaintiff's interest in the Arkansas lands was also fraudulent and void. They alleged that the executor had failed to charge himself with the value of the Arkansas personalty, or the rents from the Arkansas plantation, and other items which came into his hands; that he had claimed credit for several large amounts to which he was not entitled, and that he had failed to plead the statute of limitations in bar of a number of claims against the estate, as he was bound to do under the laws of Tennessee. The prayer of the complaint was that the allowance of this claim by the probate court of Crittenden County, and the sale of lands made to pay for same, be set aside, and for other relief.

On the hearing of the case the chancellor held that the allowance of the claim by the probate court was proper, and that said claim was a valid judgment in favor of D. E. Gibson, but that the sale of the land was void; and a decree was entered, setting aside the sale but declaring a lien in favor of appellee, Gibson, in the sum of $5,238, and ordering a sale of the lands by the commissioner of the court to raise funds to pay said debt. Plaintiffs appealed to this court.

*R. G. Brown,* for appellant.

An administrator cannot release the statute bar after debt is barred. 9 Yerger, 433; 1 Mar. & Yerger, 353. Where a claim against a decedent's estate is paid by the legatees, they are substituted to the rights of ordinary creditors, and, unless they present their claim within the statutory period, are barred. 8 Humph.

359; 51 Miss. 73. The statute extinguishes the right, and is a positive prescription. 2 Swan, 504; 2 Yerger, 357. Personal representatives are bound to plead the statute of limitations. 7 Humph. 383; 3 Head, 663; 1 Heisk. 394; 14 Lea, 158. An heir may contest the truth of the finding of the *scire facias.* Shannon, Code, § 3995; 2 Hayw. 299. Inventory is conclusive on the administrator, even as to assets that did not belong to the estate. 1 Bax. 157. The confirmation of a settlement is not an adjudication of the rights of distributees. 7 Heisk. 84. A final settlement of an executor in Tennessee is only *prima facie* correct. 7 Yerger, 173; 14 Lea, 582; 86 Tenn. 332. If the claims of the estate have been discharged, the statute confers no right upon the administrator to control the lands. 46 Ark. 376; 8 Ark. 47; 30 Ark. 775; 31 Ark. 576; 37 Ark. 155; 47 Ark. 475; 56 Ark. 633.

*L. P. Berry* and *A. B. Shafer,* for appellees.

The finding of the probate court of Shelby County of a balance due the executors is a final judgment in their favor. · M. & V. Code, § 354; Shannon, Code, § 387; 3 Ark. 491; 90 Tenn. 416; 4 Cold. 638. No sufficient excuse is shown for not raising the defense of fraud in the probate court of Shelby County. 35 Ark. 331; 43 Ark. 230; 60 Tex. 238; 90 Fed. 464; 25 Neb. 688; 32 Penn. 465; 45 N. Y. 535; Black, Judg. § 269. Nor in the probate court of Crittenden County. 30 Ark. 67. The record does not disclose any fraud on the part of Gibson, either in his dealings with the estate or the devisees. 3 Head, 90; 6 Humph. 61; 2 Tenn. Ch. 206; 10 Lea, 98; 87 Tenn. 184; 14 Lea, 408, 29.

McCULLOCH, J., (after stating the facts.) Much labor and research has been expended by counsel on both sides in presenting and discussing the effect of the laws of Tennessee and the judgments and orders of the probate court of Shelby County in that State, where the administration upon the estate of D. E. Gibson, Sr., was had and the settlements of the executrix and the executor were made, but we do not consider those questions at all material or controlling in this case.

· Whatever may have been the effect of those proceedings, we think that all inquiry concerning alleged irregularities or frauds perpetrated there are concluded by the allowance in the probate

court of Crittenden County in favor of appellee D. E. Gibson against the estate. That allowance was a judgment of a court of competent jurisdiction, and all parties are bound thereby, unless fraud be shown in the procurement thereof. The fraud which would vitiate the judgment must have been not alone in the original cause of action upon which the allowance was obtained, but that practiced in the procurement of the judgment. *Womack* v. *Womack, ante*, p. 281; *Scott* v. *Penn*, 68 Ark. 492; 1 Black on Judg. § 321; *Fears* v. *Riley*, 148 Mo. 49; *Zellerbach* v. *Allenberg*, 67 Cal. 296.

The controlling question for determination in the case is whether the creditor, D. E. Gibson, is barred by long delay, unexplained, from proceeding to subject the lands of the testator, in which appellants have an interest in remainder, to the payment of his alleged debt.

The proof shows that he waited fourteen years, without explanation or excuse for the delay, after the death of the testator, before taking any steps toward the sale of the lands, or even causing administration to be commenced in the State, meanwhile holding possession of the lands, enjoying the rents and profits thereof, and without applying any part of the same to the payment of the debts of the estate, as it was his plain duty to do. By the terms of the will, the personal propery in Arkansas, as well as the rents and profits of the lands, should have been applied to the payment of debts. As remaindermen, appellants had no interest in the rents of the farm as long as the life tenant held possession, further than to have the same applied upon the debts of the estate in accordance with the terms of the will until the estate should be relieved from debt. They had the right to presume that the life tenant, who as one of the executors of the will held possession of the lands in Arkansas, was properly executing the trust by so applying the rents. Appellee D. E. Gibson purchased the outstanding life estate of the widow Emma C. Gibson in 1883, and thereafter held possession of the lands, enjoying the use thereof, and also took possession of all the personalty in Arkansas, none of which he applied on the debts of the estate. He should have done this, and applied at an earlier date for an order for the sale of the lands for the payment of the remaining part of the debts, if any.

The rule is well established in this State that real estate is assets in the hands of the executor or administrator for the payment of the debts, as far as needed for that purpose, after the personal property has been exhausted; yet the right of creditors to enforce payment out of the lands must be exercised within a reasonable time. *Mays* v. *Rogers,* 37 Ark. 155; *Graves* v. *Pinchback,* 47 *Id.* 475; *Brown* v. *Hanauer,* 48 *Id.* 277; *Killough* v. *Hinton,* 54 *Id.* 65; *Roth* v. *Holland,* 56 *Id.* 633; *Brogan* v. *Brogan,* 63 *Id.* 405; *Black* v. *Robinson,* 70 *Id.* 185.

It has been held that seven years' delay, without reasonable excuse, is sufficient to bar the right, and it is immaterial whether the delay occurred before or after the administration commenced. *Roth* v. *Holland, supra.*

The reason for this rule is stated in *Mays* v. *Rogers, supra,* and reiterated in the later cases, to be that "this charge upon the real estate is not a perpetual one, which may be enforced by the administrator after any lapse of time. The heirs should not be forever deterred from making improvements on the property, or prevented from selling it, by the possibility that it may be sold for the debts of the estate."

It is contended in behalf of appellees that the doctrine established by these cases does not apply here because there was no possession adverse to the administrator or executors, and that this is not a contest between the heirs or devisees in possession and the administrator or a purchaser from him. This contention is not well founded, for in *Brogan* v. *Brogan, supra,* the administrator had been in possession all during the long delay, and this court, finding the delay to have been without reasonable excuse, applied the rule as established in the other cases.

The rule is not an application, strictly, of the equitable doctrine of laches, for it lacks some of the elements of that doctrine, nor of the statute of limitation, though it is applied in cases at law as well as in equity, but it is *sui generis,* rather an application of the statutory period of limitation to the equitable doctrine of laches in part, so as to prevent the abuse by creditors of the right to enforce demands against the lands of a decedent after unreasonable delay.

We think that the possession of the excutor during the long delay affords, under the circumstances of this case, all the more

reason for the application of the rule. It appears reasonably certain, from the proof in the case, that if the excutor had applied the personal property in Arkansas and the rents of the farm to the payment of the debts of the estate, instead of speculating upon the property by undertaking to hold and operate the farm, the debts could have been paid off or greatly reduced. Not to have done so is sufficient, with the long delay without excuse, to demand the application of the doctrine so well established by the decisions of this court, and bar his right to have the lands sold for the payment of his alleged debt.

The sale made by the administrator had not been confirmed by the probate court, and the chancellor set it aside on account of the lapse of the order of sale without renewal thereof. No appeal was taken by appellees from the decree in that respect. But the learned chancellor declared a lien upon the land in favor of appellee Gibson for the amount of his alleged debt allowed by the probate court, and ordered a sale by the commissioner of the court. In this he erred.

The court of equity, having assumed jurisdiction of the subject-matter of the litigation, should administer proper relief by preventing any further proceedings looking to a sale of the lands. Therefore the cause is reversed and remanded, with directions to enter a decree perpetually restraining the appellees, D. E. Gibson and C. G. Fox, the administrator, from further proceedings to subject the interest in remainder of appellants in the lands described to the payment of said probate allowance of appellee D. E. Gibson.

HILL, C. J., dissents upon the ground that, in his opinion, there is not sufficient fraud shown to set aside the sale of land made under an unreversed judgment of the probate court. The delay was a good defense against the order, but not a fraud sufficient to set it aside on a bill of review.