## WILLIAMS *v*. RISOR.

### Opinion delivered July 22, 1907.

1. LACHES—UNREASONABLE DELAY.—Where the title to land was taken by a son and held by him for twenty-five or thirty years, and after his death his mother claimed it as his heir and had dower in it assigned to his widow, it is too late after the mother's death for her heirs to claim that the land was purchased by the son with the mother's means and as her trustee. (Page 65.)

2. INJUNCTION—PROBATE ALLOWANCE.—A probate allowance will not, in the absence of proof that it was obtained by fraud, accident or mistake, be set aside by a court of equity on the ground that the claim was unjust, or that it was barred by the statute of limitations. (Page 65.)

3. SAME—PROBATE ALLOWANCE.—A probate allowance will not be enjoined upon the ground that the affidavit which accompanied the account sued on was not authenticated in the manner required by the statute. (Page 66.)

Appeal from Ashley Chancery Court; *G. P. George,* Special Judge; reversed.

### STATEMENT BY THE COURT.

In November, 1900, A. H. Stewart, a resident of Ashley County, died leaving real and personal property in that county. He left surviving him his widow, Amanda Stewart, and his mother, Jane Stewart, a sister, Mrs. R. J. Risor, and certain nephews and nieces.

In 1901 W. T. Cone was appointed administrator, and took charge of the estate of A. H. Stewart. Afterwards Miss Mollie Williams, a niece of the wife of Stewart, probated a claim against the estate for $2,405.37. Afterwards the administrator made a report to the probate court, showing that the personal assets in his hands were insufficient to pay the debts of the estate, and procured an order of the probate court for the sale of certain lands of the estate to pay the debts.

Before the lands were sold, Mrs. R. J. Risor, who was a sister of A. H. Stewart, and who claimed the land as heir of her mother, Mrs. Jane Stewart, who had died after the death of A. H. Stewart, and also claimed them under the will of her mother, Jane Stewart, brought this action in equity to enjoin

the sale of the land. She alleged in her complaint that the account of Mollie Williams against the estate was at the time it was presented barred by statute of limitations, that the allowance of the claim was the result of a fraudulent collusion between Miss Williams and W. T. Cone, the administrator of A. H. Stewart.

The administrator and Miss Stewart filed answers denying the material allegations of the complaint. On the hearing the special chancellor before whom the case was heard found that the account of Miss Williams was, except $346.92, barred by the statute of limitations before the death of A. H. Stewart, and that it was the duty of the administrator to have pleaded the statute. He further found that the administrator had in his hands personal assets of the estate sufficient to pay all the debts of the estate. He therefore entered a judgment making the temporary injunction against the sale of the land perpetual, directing the administrator to pay Miss Williams the amount of her claim not barred by the statute, which, with interest, amounted to $560.56, and declared that the remainder of her claim was barred by the statute of limitations, and not a just claim against the estate of A. H. Stewart, and he directed that a copy of the decree be certified to the probate court for further proceedings in the settlement of the estate.

The defendant's appealed.

*Robt. E. Craig,* for appellant.

1. It is in proof that Jane Stewart, in her lifetime, by three separate suits claimed, and recognized, her own interest in the lands as being that of an heir-at-law of A. H. Stewart, and that she had dower set apart to his widow. Jane Stewart and her privies were bound by these proceedings.

2. The administrator is under no legal duty to plead the statute of limitations, nor is it a fraud for him to fail to do so, if the claim, and his knowledge of the facts concerning it, are such as to warrant a conclusion on his part that the deceased, had he lived, would not have pleaded the statute. 6 Ark. 514; 13 Ark. 512; 20 Ark. 308; *Id.* 83; 22 Ark. 302; 50 Ark. 328; 68 Ark. 495. The only ground upon which the chancery court

would be authorized to set aside the judgment of the probate court in this case would be fraud in its procurement. 73 Ark. 444.

3. An administrator's settlements in the probate court are conclusive, until impeached in chancery upon allegation and proof of fraud, and here no fraud is shown.

*Geo. W. Norman* and *Vaughan & Vaughan,* for appellee.

1. The verification of appellant Williams's claim, viz., "that the above account is correct and no part of it has been paid," is not a compliance with the statute. Kirby's Dig. § § 114, 115; 66 Ark. 327; 48 Ark. 360; 65 Ark. 1-6. And the administrator should have objected to it for want of proper affidavit. 14 Ark. 245. A proper affidavit or authentication is a jurisdictional prerequisite. 18 Cyc. 485 and note 4; *Id.* 486 and note 5. Defective authentication may be taken advantage of at any time, and cannot be amended. 30 Ark. 756. In equity fraud may be inferred from the circumstances. 33 Ark. 425; 13 Ark. 507.

2. Where the appellant has not abstracted the evidence, this court will not explore the record in order to determine whether there was sufficient evidence to sustain the findings and decree of the chancellor. 78 Ark. 377; 79 Ark. 86; 102 S. W. 371. And his findings will not be reversed unless clearly contrary to the weight of the evidence. 67 Ark. 200; *Id.* 399; *Id.* 531; 70 Ark. 136; *Id.* 512; 71 Ark. 605; 72 Ark. 67; 73 Ark. 489; 74 Ark. 478; 75 Ark. 52; 77 Ark. 305; 78 Ark. 275.

3. An administrator is a trustee for all parties, creditors and heirs, interested in an estate, and it is his duty to protect the estate. 39 Ark. 577; 7 Ark. 520; 5 Ark. 367; 78 Ark. 111. And where a claim is barred by the statute of limitations, it is his duty to plead the statute. 13 Ark. 507; 20 Ark. 79. See also 11 Am. & Eng. Enc. of L. 920, note 2; *Id.* 921, note 2; *Id.* 921, par. 3; 18 Cyc. 422, par. 18; *Id.* 423, notes 6 and 7; *Id.* 424 (b) and note 12; *Id.* 425-6; 8 Am. Rep. 605; 38 *Id.* 15, *et seq.*; 65 Am. Dec. 118, 120; 111 N. Y. 204; 146 N. Y. 137; 2 Woerner on Ex. & Adm. § 401; *Id.* 843-845.

4. The administration upon this estate commenced in 1901, yet the administrator has never filed a settlement. Kirby's Digest, § § 133, 134. He has collected for four years from $500 to $600 worth of cotton and corn from the estate, yet he has filed only one inventory since the administration began. Neither has he filed additional appraisements. Kirby's Digest, § § 59 and 66. He has also violated the statute in appropriating money belonging to the estate to the payment of the claim of Cone & Company, without first presenting the claim to the probate court for allowance. *Id.* § 109.

RIDDICK, J., (after stating the facts.) This is an appeal by the administrator of the estate of A. H. Stewart and Mollie Williams, a creditor of that estate, from a judgment of the chancery court of Ashley County declaring that a judgment obtained by Miss Williams against the estate in the probate court was invalid and void as to the greater part of it for the reason that most of the debt on which it was based was barred by the statute of limitations before the death of Stewart, and holding that the administrator had assets in his hands sufficient to pay the valid debts of the estate without the sale of the lands thereof, and enjoining him from selling such lands as he had been ordered to do by the probate court.

The facts are, briefly, as follows: A. H. Stewart, a resident of Ashley County, died in November, 1900, owning certain real and personal property in that county. He left no direct descendants. His wife and mother, Mrs. Jane Stewart, have died since his death. After his death W. T. Cone was appointed administrator of his estate. Thereupon Miss Mollie Williams, a niece of the wife of Stewart, presented a claim against the estate for money loaned to Stewart at various times and for household services performed for him and his family during his life under an agreement by which he was to pay therefor the sum of $100 per annum in addition to board. This account commenced in 1885, and showed on the face of it that most of it was barred by the statute of limitations at the time it was presented. The administrator examined and allowed the account, which, with interest, amounted to over $2,400, and the same was afterwards adjudged by the probate court to be a valid claim

against the estate of Stewart and classed in the fourth class of claims against his estate.

Afterwards the administrator obtained an order for the sale of certain lands belonging to the estate to pay the debts of the estate, the principal, if not the only, probated debt being the one presented by Miss Williams. Thereupon Mrs. M. J. Risor, a sister of Stewart, claiming to own the land as an heir and under the will of his mother, Jane Stewart, who died after the death of Stewart, brought a suit in equity and obtained this decree against the administrator and Miss Williams enjoining the sale of the land and directing the administrator to pay only a small part of the claim of Miss Williams.

There was some evidence taken by the plaintiff to show that the land in controversy was purchased by A. H. Stewart with money furnished to him by his mother to purchase land for her, but that he took the title in his own name. The intention was to show that the equitable title to this land was in Mrs. Jane Stewart. But this land was purchased some twenty-five or thirty years before the death of Stewart or his mother, Mrs. Jane Stewart, and she made no claim to it in his lifetime. After the death of her son, Mrs. Jane Stewart claimed the land as his heir, and had dower assigned to his widow out of the land. These things show that she regarded the land as belonging to the estate of her son, and it is too late now, when both of these parties are dead and after such a lapse of time, for her heirs to question the matter.

We have read the evidence as found in the transcript, and we see nothing to show any fraud on the part of the administrator. The chancellor based his decree on the fact that the account presented by Miss Williams was as to most of the items therein barred by statute of limitations. Our statute does not expressly require that an administrator should plead the statute of limitations against claims which he knows are barred by lapse of time. But we may concede that it was the duty of the administrator to protect the estate against stale claims which were barred by the statute before the death of Stewart, and that he should have pleaded the statute of limitations in this case. It does not however follow that, because he failed to

plead the statute, the judgment of the probate court allowing the claim of plaintiff can be enjoined as to so much of the claim as was barred by the statute. The probate court had jurisdiction to hear and determine the question as to whether the account presented by Miss Williams was a valid claim against the estate. Its judgment in her favor cannot be overturned by showing that the court erred in deciding in her favor, for that should have been corrected by an appeal from the judgment of the probate court. In order to overturn that judgment by a proceeding in the chancery court, it must be shown, not only that there was fraud in the original cause of action upon which the judgment of the probate court was based, but that the judgment of the probate court allowing the claim of Miss Williams was obtained by fraud. It is not enough to show that the claim was barred by the statute of limitations. For the judgment of the probate court will not, in the absence of proof that it was obtained by fraud, accident or mistake, be set aside by a court of equity on the ground that the claim was unjust, or that it was barred by the statute of limitations, and in our opinion no fraud was shown. *Dyer* v. *Jacoway,* 50 Ark. 217; *James* v. *Gibson,* 73 Ark. 440-444.

Again, it is said that the account of Miss Williams was not, at the time she presented it for allowance, authenticated as required by statute. The affidavit of Miss Williams attached to the account is in the following words: "The above account is correct, and no part thereof has been paid." The statute requires that the affidavit, when made by the claimant, shall state "that nothing has been paid or delivered towards the satisfaction of the demand except what is credited thereon, and that the sum demanded, naming it, is justly due." Kirby's Digest, § 114. It will be seen that the affidavit of Miss Williams does not, strictly speaking, comply with the statute, though it does state that the account is correct, and that no part thereof has been paid. But that is a matter of no moment now, for this is not an appeal from the judgment of the probate court, and errors and irregularities of that kind in the proceedings before the probate court cannot be questioned by a proceeding in equity to enjoin the judgment of the probate court. *McMorrin* v. *Overholt,* 14 Ark. 244; *Alter* v. *Kinsworthy,* 30 Ark. 756.

In conclusion, we are of the opinion that the facts do not justify the interference of the chancery court, or show that the plaintiff is entitled to any relief in that court. The administration is still pending, and the probate court has ample power to compel the administrator to account for any funds or assets of the estate coming to his hands and for which he has not accounted, and this should be done. *Jacoway* v. *Hall,* 67 Ark. 340.

Judgment reversed and cause remanded with an order to dismiss the complaint of plaintiff for want of equity.