SHOFNER, ADMINISTRATOR *v.* JONES.

4-6072                                    145 S. W. 2d 350

Opinion delivered December 9, 1940.

*Girard P. Shofner,* for appellant.

*Glenn F. Walther,* for appellee.

GRIFFIN SMITH, C. J. Appellees are physicians who rendered professional services to their patient, Dalhoff, who died in 1934. The administrator's approval of claims was followed by the probate court's order of allowance. Because principal assets consisted of real estate for which there was not a satisfactory market, payment was delayed.

In June, 1938, Jones received $208.25. The remainder of his claim[1] was paid in September, 1939, when Compton was also paid in full.[2] Thereafter it was insisted interest was due from date of allowance by the court in 1936. There was a finding for each claimant and the administrator has appealed.

Section 1 of act 78, approved March 21, 1893,[3] provides that creditors shall receive interest at the rate of six per cent. per annum on any judgment from the day such judgment is signed. There is a proviso that interest shall not be payable on judgments rendered where county warrants evidence the debt, or where a debt of any county is the subject-matter.

The legislative intent seems to have been that all judgments should bear interest except those expressly excluded; and since claims against estates when converted into judgments are not excepted, the rule *inclusio unius est exclusio alterius* applies. Hence, the only question

[1] The payment made to Jones in 1939 was $228.22.

[2] Compton's account was $69. The terms "remainder of his claim" and "paid in full" have reference to face values, exclusive of interest.

[3] Pope's Digest, § 9399.

seems to be, Does an order of the probate court allowing a claim against an estate rise to the *dignity* of a judgment? We have heretofore answered in the affirmative.

In *Miller* v. *Oil City Iron Works*,[4] Chief Justice Hart discussed § 112 of Crawford & Moses' Digest,[5] and stated that the probate court's order of allowance has the force and effect of a judgment. Support for this declaration of law was found in *Jackson* v. *Gorman*,[6] where Chief Justice Bunn said that allowances of claims against an estate were in the nature of judgments, and after expiration of the term were not within control of the probate court.[7]

Apposite are decisions that an order of allowance by the county court is in the nature of a judgment. *Desha County* v. *Newman*, 33 Ark. 788.[8]

Judgment affirmed.

---

[4] 184 Ark. 900, at pages 904-5; 45 S. W. 2d 36.

[5] Now § 111 of Pope's Digest.

[6] 70 Ark. 88, 66 S. W. 346.

[7] In the Jackson-Gorman case *Clark* v. *Shelton*, 16 Ark. 474; *Dooley* v. *Dooley*, 14 Ark. 122; *West* v. *Waddill*, 33 Ark. 575; *Rogers* v. *Wilson*, 13 Ark. 507, and *Carter* v. *Engles*, 35 Ark. 205, were cited on the question of attack on a probate court judgment. [See, also, *Outlaw* v. *Yell*, 5 Ark. 468; *Dooley* v. *Watkins*, 5 Ark. 705; *McMorrin* v. *Overholt*, 14 Ark. 244; *Wright* v. *Campbell*, 27 Ark. 637; *Wolf* v. *Banks*, 41 Ark. 104; *Scott* v. *Penn*, 68 Ark. 492, 60 S. W. 235; *Hoshall* v. *Brown*, 102 Ark. 114, 143 S. W. 1081; *James* v. *Gibson*, 73 Ark. 440, 84 S. W. 485; *Brown* v. *Hanauer*, 48 Ark. 277, 3 S. W. 27.]

[8] See cases under the title "Conclusiveness and Effect of Adjudication in General," § 206 (1), "Counties," v. 5, West Publishing Company's Arkansas Digest.