### KILLOUGH *v.* HINTON.

Decided December 13, 1890.

*Administration—Application to sell land—Limitation.*

> A delay of twenty years after grant of letters of administration before applying for an order to sell lands of an estate, which had been set apart as dower, is not unreasonable, where the application was made as soon as the widow died.

APPEAL from *Cross* Circuit Court.

J. E. RIDDICK, Judge.

*Sanders & Watkins* for appellant.

1. The facts show a homestead with all its rights on the northeast quarter of the section. 22 Ark., 400; Ch. 68, secs. 29, 30, Gould's Dig. The homestead could not be sold. 47 Ark., 445.

C—5

2. As to the limitation by alleged laches, no rule can be laid down; each case is governed by its own peculiar facts. 37 Ark., 159. The reversionary interest, subject to the dower of the widow, might have been sold, but it would have been at a sacrifice to both heirs and creditors, and it was not laches to wait. Woerner, Am. Law of Adm., p. 1072; 51 Ill., 310; 60 Ill., 277.

3. Upon the facts in this case there was no unreasonable delay. An administrator may maintain ejectment. 42 Ark., 26.

*N. W. Norton* for appellees.

No homestead was selected by the owner during his life-time, or by his widow or children after his death. The law does not force a homestead right on any one, and those entitled may waive it. The question is: Can creditors stand by for twenty-one years, and until there is no home-stead right in any one, without an effort to subject the lands to their debts, and now excuse their laches by setting up that some time in the past a homestead could have been selected somewhere out of the 640 acres so as to include the dwelling. 52 Ark., 213. It is the policy of our law to have a speedy settlement of estates. Within three years, says the statute. Mansf. Dig., sec. 206. The delay in this case was unreasonable. The reversion should have been sold. 46 Ark., 373; 27 Ark., 155; 46 *id.*, 470; 7 Wheat., 59.

HUGHES, J. This was an action of ejectment by appellant, as administrator *de bonis non*, to recover the possession of lands belonging to the estate of his intestate, which were in possession of the appellees, the heirs of the intestate, and which they had divided among themselves, and which were assigned to the widow of the intestate as dower in his real estate in the year 1873, and had been held by her till her death in 1887. The widow qualified as administratrix of her husband's estate in 1867, soon after his death, and made her final settlement of her administration in 1880, showing that she had exhausted the assets of the estate except this

land in controversy, which settlement was confirmed 15th of October, 1880.

A large number of debts had been probated against the estate of appellant's intestate, and remained unpaid. The appellant, as sheriff, qualified as public administrator *de bonis non* of said estate, 12th of October, 1887, and brought this suit soon after to recover possession of said lands, for the purpose of sale of same to pay the unprobated claims against the estate. More than twenty years had elapsed after administration was first granted upon the estate before appellant brought this suit.

Defendants, appellees, pleaded that there was unreasonable delay, and that the action was barred, the cause of action as they averred not having accrued within ten years next before the institution of this suit.

The widow had occupied the residence of the intestate after his death till her death, but had never selected a homestead, or had one assigned her out of the real estate of the deceased, which consisted of 2000 acres, 640 of which was in a body and included the land in controversy, assigned to the widow as dower, and in possession of which she was at the date of her death.

The court below found that one quarter section of the land, the northeast quarter of section one in controversy, was the homestead of the widow, and gave judgment as to it in favor of the administrator. As to the other quarter section, the southeast quarter of section one in controversy, the court found for the heirs, holding that the homestead could not be sold in the lifetime of the widow, but that the reversionary interest in the other piece might have been sold, notwithstanding the life estate of the widow, and that as to this there was no good reason for the delay. Both parties filed motions for new trial, which were overruled, and they appealed.

Was appellant's right of action barred? Were the creditors guilty of such laches as barred their right to have

*Administration—Application to sell lands—Limitation.*

these lands subjected to sale for the payment of their unpaid claims probated against the estate?

Only the reversionary interest could have been sold, wh.le the widow's dower continued. Were the creditors bound to have that sold within the ordinary period of limitation?

"The necessity for a prompt and speedy settlement of the administration of the estates of deceased persons, in order that creditors may be satisfied and devisees and heirs be put in the indisputable possession of their inheritance as early as a just regard for the right of creditors will permit, requires a limitation upon the time when either creditors or executors and administrators may apply for the subjection of real estate to the payment of debts. It is admitted by all the authorities, that, in the absence of statutory regulation of the subject, it is the duty of courts to determine what shall be considered a reasonable time in this respect, and to refuse the application if the parties who demand it have been guilty of palpable laches. Courts have found this duty not without difficulty, and no precise rule to be inflexibly followed has been anywhere laid down." 2 Woerner's Am. Law of Administration, sec. 465.

There is no statute bar in this State against the enforcement of allowances of claims against estates by the probate court. *Mays* v. *Rodgers,* 37 Ark., 155. "The analogy of the statute of limitation is followed in many of the American States."

In *Mays* v. *Rodgers* it was said : "The power of the administrator must be exercised in a reasonable time, and will be lost by gross laches, or unreasonable delay." "The heirs should not be forever deterred from making improvements on the property, or prevented from selling it, by the possibility that it may be sold for the debts of the estate." "What is such reasonable time must be determined by the court, in its sound discretion." And it was held in this case that a delay of ten years, where there was no hindrance or proper cause therefor, was unreasonable, and that the lien on the real estate was lost thereby. There were other lands

than the interest the administrator was seeking an order to sell, and he had made no effort to sell any lands for ten years after grant of letters to him as administrator *de bonis non.*

That was unlike the case at bar, where the administrator had exhausted the assets, except the lands assigned to the widow as dower, and which he applied for an order to sell soon after her death.

Upon consideration of the circumstances of this case, we cannot say there has not been reasonable cause for delay, or that the creditors or the administrator have been guilty of gross negligence or palpable laches.

The lands were assigned to the widow as dower in 1873, and she occupied and held them till 1887, when she died.

To have sold them before her death would have been a sacrifice of the interests alike of the creditors and heirs. How hazardous a speculation would a purchaser have made! " Who would have bid except a price proportioned to such hazard?" *Liddel* v. *McVickar,* 11 N. J. Law, 58; Wœrner's American Law of Administration, 2 vol., sec. 465; *Moore* v. *Ellsworth,* 51 Ill., 310.

Had the land been forced to sale encumbered by the widow's dower, the creditors " would not have derived any appreciable benefit from the sale; the heirs would have lost the lands and the creditors their debts." " What just cause of complaint have the heirs that that result was not precipitated? We think it unreasonable to hold the creditors bound to resort to a fruitless and destructive sale." *Bursen* v. *Goodspeed,* 60 Ill., 277.

Whether there was a homestead or not in the lands, the dower interest covered both tracts, and the court erred in holding the action barred as to the southeast quarter of section 1, township 8 north, range 3 east, as it was not barred as to either tract. For this error the cause is reversed and remanded, with directions to the circuit court to render judgment for the appellant as administrator for the recovery of the northeast quarter and the southeast quarter of section 1 in township 8 north, range 3 east.