BLACK *v.* BLACK.

Opinion delivered April 13, 1895.

*Subrogation—Widow paying deceased vendee's debt.*

Where a vendee of land gives his note for part of the purchase
money, and transfers the land to his wife in consideration of
love and affection, and after his death she pays off the note,
she is entitled to have the debt probated against his estate, if
solvent, and will not be required to resort to the land to fore-
close the vendor's lien.

Appeal from Monroe Circuit Court.

M. L. STEPHENSON, Special Judge.

STATEMENT BY THE COURT.

This is an action instituted at law in the Monroe
circuit court by Fannie M. Black against John S.
Black, as administrator of the estate of Samuel L. Black,
deceased (who was the husband of plaintiff), on a prom-
issory note given by deceased to one Julia P. Woolfolk,
as part of the purchase money for certain real property
situated in Jackson, Tenn., and of which note the plain-
tiff had become the owner by purchase for value.    The
defendant answered setting up facts which substantially
appear hereinafter, and asked that the cause be trans-
ferred to the equity docket, which was accordingly done
and plaintiff filed her demurrer to the answer and cross-
bill, and the same being overruled, the cause was tried
and decree of dismissal of complaint entered, and
plaintiff appealed.

The facts are substantially as follows, to-wit:
About the beginning of the year 1889, the plaintiff, Fan-
nie M. Black, and the late Samuel L. Black were mar-
ried, and resided at his homestead and farm at Indian
Bay, Monroe county, in this State.    About the begin-
ning of the following year, Samuel L. Black sold his said

farm and homestead, the plaintiff joining with him in the conveyance, however, with the understanding that he would secure her a homestead elsewhere. After some negotiation, Samuel L. Black, on the 7th January, 1890, purchased of one Julia P. Woolfolk a residence in Jackson, Tenn., for the sum of $4000, one-half payable a few days thereafter, and the other half by the first of March, 1891, for which installments he gave his notes, the first of which he seems to have paid in time. The testimony shows that Julia P. Woolfolk at first asked $5000 for the place, but finally agreed to take $4000 cash. Plaintiff testifies that she was so anxious to secure the place that she told them she would pay the $1000 difference between the cash and the credit prices herself rather than miss the trade. But this seems not to have been insisted on, and the trade was finally made as above stated, Julia P. Woolfolk receiving the rents for some months afterwards.

On the 27th of May, 1890, Samuel L. Black conveyed the Jackson property by deed, with covenant of warranty, to the plaintiff, stating therein the consideration to be "love and affection" and also "the sum of one thousand dollars cash in hand paid." Samuel L. Black died in Jackson, Tenn., in September, 1890, leaving surviving him one son by a former wife, John Black, presumably the same as the defendant herein; his wife, the appellant, and an infant daughter by appellant, all of whom are still living.

Except this homestead in Jackson, Tenn., and $5000 from insurance on the life of deceased, no provision has been made for the support of plaintiff and child out of his estate, which is admitted to be solvent. Plaintiff and her husband lived at their place in Jackson from the time he purchased the same until his death, and she and child continuously since then.

Plaintiff testifies that the homestead in Jackson was given her by her husband in furtherance of their understanding upon which alone she agreed to the sale of the Indian Bay property, and also as an offset to what he had already given to his son John. She testifies also that it was expressly declared by her husband that the $1000 mentioned in the deed was no debt against her, and there is no proof to the contrary.

After her husband's death, plaintiff testifies that she had an understanding with Mrs. Woolfolk that if she would present her claim against the estate of her husband, and it was allowed, she would pay it.

Sometime afterwards—the time not stated—Mrs. Woolfolk brought suit against the appellant (in possession of the Jackson place and holding the same by deed from her husband as aforesaid) to foreclose her vendor's lien against the same, her said lien having been reserved in her deed to said Samuel L. Black. The debt—the second note of Samuel L. Black to her—then amounted to the sum of $1985. To protect her home from sale, appellant then bought the note from Mrs. Woolfork, and the suit was withdrawn. Sometime afterwards she says she duly presented her said claim to appellee, as the administrator of her husband, for allowance, but that the same was disallowed by him, and that she then instituted this suit, which has progressed and resulted as stated.

*Rose, Hemingway & Rose* and *H. A. Parker* for appellant.

Mrs. Black bought the note, as she had the right to do. She was under no obligations to pay it for her husband's estate. She had a warranty deed, and could have recovered from the estate whatever she was compelled to pay. It was simply a debt against Samuel L. Black's estate, and should have been probated. 52 Ark.

322; 2 Sugd. Vendors, p. 202; 144 U. S. 581; 6 How. 284; 12 Pet. 264; Harris on Subrogation, sec 643.

*M. J. Manning* and *N. W. Norton* for appellee.

1. Mrs. Black cannot recover on the warranty because she paid nothing. 52 Ark. 322.

2. As assignee of the note and lien, she could be called on to enforce the lien against her own property. Harris on Sub. sec. 6.

3. The debt could not be proved in Arkansas. 30 Ark. 831; 46 *id.* 465; 42 *id.* 164.

4. The claim was not authenticated. Sand. & H. Dig. sec. 119 and note h. This cannot be waived. 30 Ark. 756.

BUNN, C. J., (after stating the facts). The contentions that, the intestate having died in Tennessee, and the appellant being still a resident of that State, the administration is ancillary, and therefore appellant is without interest or relief therein, and also that appellant's claim was not authenticated before suit commenced, not having been made in the court below, are mere suggestions that cannot be heard in this court for the first time.

This is not a suit by appellant on breach of the covenants contained in her husband's deed to her; and, the estate of the grantor being solvent, the interests of creditors are not involved. The suit is on the note of the husband, in the hands of a purchaser and assignee—his widow in this instance. There is no proof of set-off or counter-claim in behalf of the estate, and we cannot see any ground upon which the claim should have been disallowed. The appellant, as assignee of the note, stands in the place of the assignor, and has an option of remedies that may be resorted to in such cases. On the other hand, the appellee, especially since the estate is solvent, stands in the place of the deceased as to appellant's claim.

Without, however, going into the doctrine of estoppel by deed or covenant, or attempting to assert anything as a rule on the subject, it is sufficient to say that a vendee has not the option, ordinarily, to compel his vendor to resort to the specific property for his debt, which he (the vendee) has conveyed to a third party by warranty deed, unless there is a stipulation in his deed to the third party to that effect, or, perhaps, legitimate proof of the same otherwise.

The decree of the court below is therefore reversed, and decree will be entered here for appellant, and the same will be certified down for allowance, classification and probation.

Riddick J., being disqualified, did not participate herein.