BLACK *v.* ROBINSON.

Opinion delivered February 1, 1902.

ADMINISTRATION—APPLICATION TO SELL LANDS—LACHES.—Delay for more than seven years after the grant of letters of administration before attempting to subject lands of an intestate to the payment of his debts, without other excuse than that the lands were subject to overflow, is such laches as will bar an application to sell the interest of an infant heir; but it is otherwise as to the interest of an heir who was administrator during six years, and was chiefly responsible for the delay.

Appeal from Monroe Circuit Court.

GEORGE M. CHAPLINE, Judge.

Reversed in part.

*Grant Green,* for appellant John S. Black.

The creditors have delayed too long in seeking the sale of the lands. The charge upon the real estate of a decedent, to pay his debts, is not perpetual. 37 Ark. 155; 46 Ark. 373; 47 *ib.* 470; 54 *ib.* 65; 56 *ib.* 633; 63 *ib.* 408. The administrator has no more control over or interest in the lands of a decedent than is necessary for the payment of debts. 27 Ark. 235.

*T. K. Riddick,* of Memphis, Tenn., for appellant Irma Black; *Norton & Prewett,* of counsel.

Creditors must make application for sale of lands of a decedent, when same is necessary to satisfy debts, within a reasonable time; and laches will bar their rights. 54 Ark. 64; 2 Warner, Adm. § 465; 37 Ark. 159; Rorer, Jud. Sales, §§ 254-7; 13 Ill. 171; 18 Ill. 519; 23 Ill. 484; 16 Me. 308; 6 Johns. Ch. 360; 7 Wheat. 59; 15 Mass. 48; *ib.* 326; 46 Ark. 373; 47 Ark. 470; 56 Ark. 636; 63 Ark. 408; 108 Ill. 376; 11 Am. & Eng. Enc. Law (2d Ed.), 1075, n. 3. So far as concerns the interest of this appellant, the terms of the two administrators form but one continuous administration, and the time for filing claims against the estate runs from the appointment of the first one. 11 Am. & Eng. Enc. Law (2d Ed.), 1331; 12 Heisk. 450; 3 Cold. 25.

*H. A. & J. R. Parker,* for appellees.

The constitution gives to probate courts the exclusive and original jurisdiction in matters of deceased persons. Rose's Const. 74-5; 51 Ark. 366; 36 Ark. 529; 48 Ark. 344; Sand. & H. Dig., § 1141; Const. Ark. Art. 8, § 34. The allowance of petitions for sale of lands of a decedent is a matter resting within the judicial discretion of the probate court, and, in the absence of a showing of gross abuse of discretion, not reviewable by the supreme court. 26 Ark. 425; 14 Ark. 298; 17 Ark. 595; 44 Ark. 515. No abuse of discretion appears. 29 N. Y. 431; 74 Wis. 19; 75 Cal. 1. Under our statute each executor or administrator must make his final settlement within three years from the date of his letters. Sand. & H. Dig., § 220. No laches could be sufficient to bar, within this period. After that, in the absence of a statute of limitation, the delay might always be explained. 100 Ind. 63, 67.

HUGHES, J. This is a petition by the administrator to sell lands belonging to his intestate's estate to pay debts. The petition shows on its face that the application to sell was made more than seven years after the death of the decedent, and the qualification of his first administrator. He seeks to excuse this delay upon two grounds: (1) That the heirs of the estate had been in "endless litigation" over the claims and property of said estate; (2) that in the years 1897 and 1898, "the only two years your petitioner has acted as administrator, there were two large overflows, one each

year, rendering the sale of said lands, in the opinion of your petitioner, impracticable for the year 1897 and for the first six months of 1898."

1. As to the first excuse, after stating that the litigation between the heirs had been "endless," the petitioner immediately proceeds to disprove this statement by showing that said litigation was finally settled on May 12, 1896. This was six months before the petitioner qualified, and nearly a year before he took charge of his intestate's estate, according to his statement in the petition. However, even this was a misstatement of over a year, because, in response to the defendant's plea, the same administrator shows that this litigation between the heirs was finally ended in the supreme court on the 13th day of April, 1895, and he refers to the volume and page of the reports showing this decision. *Black* v. *Black*, 60 Ark. 390. Of course, the decision of this court was the end of the litigation. The fact that it was not certified down to the probate court until May 6, 1896, is absolutely immaterial and irrelevant. It would hardly be argued that the probate court could or would make any change in the decree entered here. We thus see that the litigation referred to in the petition was ended April 13, 1895, nearly two years before the present administrator took charge. Surely this is no excuse for further delay. It is quite the reverse. It affords the best possible reason for prompt action after the litigation was ended.

The only other litigation mentioned in the record is that concerning the re-classification of the Mallory, Crawford & Company claims. As to this, petitioner says in his response to defendant's plea: "In 1892 Mallory, Crawford & Company's claims were allowed against the estate and classed in the fifth class. In 1897 they began a suit to re-classify their claims, which suit is now pending." Even if this were entirely true, it is clearly no reason for delaying an application to sell lands. The dispute as to whether the Mallory, Crawford & Company claims were in the fourth or fifth class has no relevancy whatever upon the question as to whether the application to sell decedent's lands was made in time. No matter in which class they were, the lands were bound for their payment.

2. We think that the fact that the lands were sometimes overflowed affords no reasonable excuse for the long delay in making application to sell the lands by the administrator. The record

shows that there were years after the administrator commenced when the lands might have been sold, when there was no overflow to interfere. Lands in an overflow country might never be sold if the overflows were a reasonable excuse for not selling, and creditors be kept from realizing their value on their claims. It has been decided in our court that a delay of seven years to make application for the sale of lands by an administrator to pay debts is an unreasonable delay that will bar the application, unless some reasonable excuse be shown for the delay. *Killough* v. *Hinton,* 54 Ark. 68; *Mays* v. *Rogers,* 37 Ark 155; *Stewart* v. *Smiley,* 46 Ark. 373; *Graves* v. *Pinchback,* 47 Ark. 470; *Roth* v. *Holland,* 56 Ark. 633; *Brogah* v. *Brogan,* 63 Ark. 405.

It seems to the court that these cases determine this case, and settle that the administrator's application to sell the lands, so far as the interest of Irma Black is involved, was barred when the application was made more than seven years after the grant of administration, there having been no reasonable excuse for the long delay. Irma Black was a minor.

But as to John Black the court is of the opinion that, having been the administrator of the estate for more than six years, and being responsible to a considerable extent for the delay in the application to sell, and being an heir to one-half of the land, he cannot be heard to complain. He cannot take advantage of his own failure to discharge his duty in the premises. We are therefore of the opinion that the judgment as to Irma Black must be reversed, but that as to John Black it must be affirmed.

Reversed as to Irma Black and her interest in the lands, and affirmed as to John S. Black and his interest in the lands.

BUNN, C. J., dissents because the excuses for not applying for the order to sell sooner involve purely questions of fact, and the judgment of the probate court should prevail in such cases, unless fraud or imposition be shown.

RIDDICK, J., did not participate.