Rose v. Thompson.

---

## ROSE v. THOMPSON.

JUDGMENTS: *Revivor of, against administrators.*
    The statute for reviving judgments against administrators and executors does not apply to probate court judgments.

APPEAL from *Johnson* Circuit Court.
Hon. T. W. POUND, Circuit Judge.

*M. Rose*, for appellant:

Plea to the jurisdiction too late. Should have been made, if at all, to original action.

Probate court may issue writ of *sci. fa. Gantt's Digest, sec.* 1156. It is a continuance of the original suit, and statute of limitations no defense. 23 *Ark.*, 173.

*W. W. Mansfield*, for appellee:

Demurrer properly interposed. 5 *Ark.*, 265; 27 *ib.*, 70.

Judgment barred. 23 *Ark.*, 169; 28 *ib.*, 27.

ENGLISH, C. J. On the fifth of March, 1878, the following *scire facias* was issued by the clerk of the probate court of Johnson county:

"Johnson probate court:—The State of Arkansas to the sheriff of Johnson county:

"Whereas, on the twenty-fourth day of April, 1860, in the probate court of Johnson county, the claim of M. Rose, for the sum of seven hundred and eight dollars and ninety-nine cents, was allowed in the fourth class of claims against the estate of John E. Manley, deceased. And, whereas, it is alleged that said claims remain unpaid, and the claimant desires to have satisfaction thereof. You are, therefore, commanded that you summon P. W. Thompson, administrator *de bonis non* of the estate of said John E. Manley, deceased, to appear before the probate court of Johnson county, at a probate court to be held at the courthouse, in said county, on the second Monday in April, 1878, and show cause, if any he can, why the allowance and classification of said claim should not be revived, and satisfaction thereof had, out of the assets of said estate in his hands to be administered."

The writ was dated the fifth of March, 1878, signed by the probate clerk, and attested by his seal of office.

Rose v. Thompson.

The defendant was served by copy, and at the return term demurred to the *scire facias*, on the grounds:

1.    That it did not state facts sufficient to revive the judgment.

2.    That the *scire facias* shows upon its face that the judgment it seeks to revive is barred by statute of limitation.

The court sustained the demurrer, and plaintiff appealed to the circuit court.

The demurrer was taken up in the circuit court and overruled.

The defendant then filed a motion to dismiss the cause for want of jurisdiction, and the final entry shows that the court sustained the motion, and dismissed the cause for want of jurisdiction thereof in the probate court, and plaintiff appealed to this court.

Appellant has no cause to complain of the judgment of the circuit court overruling the demurrer to the *scire facias,* that being in his favor.

The circuit court seems to have held that there was no jurisdiction in the probate court to revive a judgment of allowance by *scire facias*.

It is probable that the allowance was obtained during the original administration, and that the object of the *scire facias* was to revive it against the administrator *de bonis non* and obtain satisfaction out of assets in his hands.

The statute provides that:

"If any executor or administrator be plaintiff or defendant in any judgment or decree, or shall die, resign or be dismissed before the same is satisfied or carried into effect, the judgment or decree may be revived by or against the administrator *de bonis non*" by *scire facias*.    *Gantt's Digest, sec. 3621.*

The statute is general, but, on principle, can have no application to judgments of allowance in the probate court. Under our system of administration, a judgment of allowance in the probate court is against the estate and not against the executor or administrator, as in other courts; and if the executor or administrator die, resign or is removed before satisfaction of the judgment, it may be paid under an order of the court by the administrator *de bonis non*, without revival against him.

If, in this case, appellant's judgment of allowance had not been paid, and there were in the hands of appellee. assets of the estate subject to appropriation for its payment, in whole or in part, appellant might have applied to the probate court for an order of payment; and, if the order had been obtained and disobeyed by appellee, execution might have been issued against him personally, without reviving the judgment against him by *scire facias*. *Gantt's Digest, secs. 141 to 145.*

So judgments and decrees which are liens upon real estate may be revived by *scire facias* for the purpose of continuing or fixing such liens. *Gantt's Digest, secs. 3608–13; Fowler v. Thurman, 13 Ark., 259; Trapnall v. Richardson et al., ib., 543.*

But allowances against estates in the probate court are not of that class of judgments.

In Missouri, where the county courts have probate jurisdiction, it has been held that a judgment of allowance against an estate can not be revived on *scire facias*. *Caldwell v. Lockridge, 9 Mo., 362.*

Affirmed.