Brown et al. v. Hanauer.

BROWN ET AL. V. HANAUER.

1. STATUTES OF LIMITATIONS: *Adverse possession. Continuity of.*
   The adverse possession which is necessary to confer title under the statute of limitations must be continuous for the full period required by the statute. If there is a breach in the continuity the possession before and after the breach cannot be connected to make out the requisite period.

2. BONA FIDE PURCHASER: *Notice of outstanding title.*
   One who purchases land with full notice that his grantor had previously sold and conveyed it to another, acquires no title to it.

3. ADMINISTRATION: *Proceedings for sale of land to pay debts.*
   The allowance of a claim by the probate court, and the closing of the administration and discharge of the administrator, lay the foundation for subjecting the decedent's lands in the possession of his heirs to the payment of the claim.

4. SAME: *Same. Statute of Limitations.*
   Where the administration of an estate has been closed and the administrator discharged, the right of a creditor to apply for a sale of the decedent's lands for payment of a probate claim, accrues upon the discharge of the administrator, and unless the application is filed within ten years from that time it is barred.

5. SAME: *Same. Same.*
   A probate allowance is a judgment within the meaning of our statute fixing the period of limitation at ten years, and while the statute may not run while the estate is in course of administration, it will run from the time of the discharge of the administrator.

APPEAL from *Clay* Circuit Court in Chancery.
Hon. W. H. CATE, Judge.

*J. C. Hawthorne,* for appellants.

Possession by mistake is not hostile. Possession will not of itself establish *quo animo*. *34 Iowa, 150.* But admitting that Hanauer's possession was adverse, he was not in possession seven years; he abandoned the possession before the lapse of the seven years. Then the constructive possession revived to the legal owner, and a new entry on the part of Hanauer was necessary, and a new adverse possession had to be inaugurated, which his previous possession could in no way assert. *86 N. C., 259.* The payment of taxes is no evidence of possession.

Hanauer's allowance was stale and barred by limitation.

The lien of a creditor is not perpetual, but is lost by gross laches or unreasonable delay. *13 Ill., Vansycle v. Richardson; 15 Mass., 59; 1 Story Eq. Jur., 646; 19 Ark., 16.*

*U. M. & G. B. Rose,* for Hanauer.

Hanauer was in actual possession of the land for seven years, and being once shown in possession, his possession continued by construction until he was disseized. *34 Ark., 602; 21 ib., 17; 38 ib., 194; 35 Miss., 490; 28 Vt., 394.*

Even if Hanauer did take possession by mistake, he is still protected by the statute of limitation. *8 Ired. Eq., 123; 73 Me., 105; 74 ib., 202; 60 Miss., 146; 8 Cowan, 439; 51 Me., 584; 72 ib., 331; 68 Mo., 165; 43 Mich., 543.*

Hanauer's title by limitation was one that could be asserted affirmatively by cross-bill. *34 Ark., 534; ib., 547; 38 ib., 182.*

Probate allowances are judgments. *94 U. S., 746; 11 Ark., 519; 37 ib., 540; 44 ib., 270; 39 ib., 256; 34 ib., 63.*

The right of Hanauer by bill in equity to subject the lands to the payment of his debt, is clear. *40 Ark., 441; 32 ib., 716; 31 ib., 229.*

Laches can only be imputed to those who with knowledge of their rights, have slept upon them. Hanauer thought he had bought the land, and was in undisturbed possession.

COCKRILL, C. J. Damages for the right of way over the lands in controversy were assessed and paid into the Clay circuit court by a railroad, and the several claimants for the lands were left to litigate the title and settle among themselves the right to receive the fund. The appellants' action of ejectment for the possession of the fractional section of which the condemned portion was a part, was consolidated with the proceeding to determine the right to the fund paid by the railroad, on motion of Hanauer, and the consolidated suit was at his instance, transferred to equity in order to enable him [1] to reform a mortgage through which he claimed title to the land, or [2] to enable him to subject it to the payment of a probated claim against the estate of the ancestor through whom the appellants claim title.

1. The first question is as to the title of the land.

Hanauer's only claim of title under the proof is by virtue of his adverse holding. He alleged in his cross-complaint that he supposed the lands in dispute had been included, along with other lands, in a mortgage which Hiram Brown, the appellants' father, had executed to him in 1860; that he became the purchaser under a decree of foreclosure of all the lands in the mortgage in 1867, and these, as he supposed, among them; but that afterwards he

ascertained to his surprise that the lands in suit had been inadvertently omitted by the draftsman from the mortgage. There is not a line of proof to sustain the allegation about the alleged mistake in the mortgage. On the contrary it was shown that the mortgagor did not acquire title to the land until two years after the mortgage was executed, and could not have entertained the intention to convey them. Seven or eight acres of the land, it seems, were cleared and fenced in Hiram Brown's lifetime. He died in 1864, seized in fee and in possession, leaving the appellants—his infant children—his heirs at law. They were soon after removed to Kentucky and have since resided there. In 1867 Hanauer put his tenants in possession of the land; they remained there until 1873, and during this period the land became known in the neighborhood as Hanauer's land. In the year last mentioned the fence around the improved land was burned; Hanauer's tenants abandoned the occupation and no one was in the actual occupancy again, until about 1881, when the building of the railroad had rendered the land of considerable value. About that time a small house was erected on the land, but whether in subordination to Hanauer's title, is not quite clear. No effort was made to show any other act of ownership or control over or claim to the land by Hanauer after 1873, except the loss of the tax receipts showing payment of taxes upon them by his agent.

2. STATUTE OF LIMITATIONS: Adverse possession: Continuity of.    Seven years continuous adverse possession by Hanauer is not established by the proof. His possession from 1867 to 1873 cannot be stretched into that period and did not divest the plaintiffs' title. After that time we are not left to inference or conjecture as to the occupancy. Hanauer's actual possession was abandoned. It had been wrongful from the outset, without even color of title to sustain it, and while it might have ripened into title if he had con-

Brown et al. v. Hanauer.

tinued his possession or had maintained such open and notorious show of ownership for the statutory period as to operate as notice to all the world that he was in under a claim of title, still it is the settled policy of the law not to extend a possession that is without color of right by construction or implication. No presumptions are indulged to favor it; it must be proved. When Hanauer's actual possession ceased, the constructive possession of the plaintiffs, who were the legal owners, was revived; and a new possession by Hanauer, if satisfactorily proved, would start the statute afresh from its inauguration, but it could not receive aid from, or be tacked to his former possession to piece out the time allotted by the statute. The payment of taxes and a neighborhood designation of the lands as Hanauer's, born only of his former wrongful holding, cannot be held to be open and notorious possession of lands that were capable of cultivation and had a rental value.

John W. Leach obtained the patent to this land from the state and afterwards conveyed it by deed to Hiram Brown. Brown's dwelling was burned during the war, and the deed was destroyed with it, without having been recorded. J. J. Smithwick, who was a party to these proceedings, obtained a conveyance from Leach a short time before the ejectment suit was instituted and got possession of a part of the land. The proof shows, however, that he purchased with knowledge of the prior conveyance to Brown, and his claim of title is without merit. The court decreed against him, and he prosecuted a cross-appeal, but he has failed to follow it up, and is deemed to have abandoned it. See *rule 10, 44 Ark., 12.*

2. It remains to consider Hanauer's effort to subject the lands to the payment of his probate judgment. The allowance had been made in his favor by the probate court in 1867, and he alleged in his cross-complaint that the ad-

2. Purchase with notice of outstanding title.

3. ADMINISTRATION: Proceedings to sell lands to pay debts.

ministration had been closed, and the administrator discharged, without paying the allowance; that the lands were assets in the administrator's hands, and were now held by the appellants as heirs of the decedent, against whose estate the claim' was allowed. This probably laid the foundation for subjecting them to the payment of his claim according to the ruling in *Wilson v. Harris, 13 Ark.,* *559,* and *Hall v. Brewer, 40 Ark., 433.* But the appellants, who were defendants to the cross-complaint, answered that the cause of action did not accrue within ten years of bringing suit. Under this issue the burden was upon Hanauer, the plaintiff in the cross-complaint, to show that he had commenced his suit within the statutory period. *Ouachita Co. v. Tufts, 43 Ark., 136.* The probate allowance is a judgment within the meaning of our statute fixing the period of limitation at ten years. The language of the statute is comprehensive and embraces all judgments and decrees without discrimination or exception (*Brearly v. Norris, 23 Ark., 169);* and while the statute may not operate to bar such a judgment while the estate is in course of administration and before an order of payment is made, as was ruled in *Mays v. Rogers, 37 Ark., 155;* yet, as Hanauer's cause of action accrued upon the discharge of the administrator, the statute would run against him from that time, and bar his demand at the end of ten years. (*Wilson v. Harris, supra., 2562*).

His complaint was filed seventeen years after the allowance of his demand. It was alleged that the administrator had been discharged, and it was not denied; but there was nothing shown that the discharge was within the ten years, and the claim must fail.

In the case of *State Bank v. Williams, 6 Ark., 156*, it was held that, after a lapse of fourteen years, the presumption arose that the claims against the estate were paid, although

4. SAME: Statute of limitations.

5. SAME: Same.

the executor in that case had not been discharged. See, too, *Mays v. Rogers, supra; Stewart v. Smiley, 46 Ark., 373; Graves v. Pinchback, 47 Ark., 470.*

The decree against Smithwick is affirmed. So much of it as is favorable to Hanauer is reversed, and a decree will be entered here for the appellants upon the whole case. The costs will be adjudged against Smithwick and Hanauer in equal parts.