## ABRAMSON v. ROGERS.

### Opinion delivered January 2, 1911.

1. HOMESTEAD—EXEMPTION.—Under art. 9, § 6, Const. 1874, providing in effect that a decedent's homestead shall be exempt during the lifetime of his widow and until his children are 21 years old, such homestead is not subject to the payment of his debts until the homestead rights of the widow and children have ceased. (Page 191.)

2. JUDGMENTS—REVIVAL OF PROBATE ALLOWANCE.—There is no statutory provision for the revival of a probate judgment. (Page 192.)

3. LIMITATION OF ACTIONS—PROBATE JUDGMENT—HOMESTEAD.—The statute of limitations does not begin to run against the right of a creditor to enforce a probate judgment against his deceased debtor's homestead until the homestead right of his widow and children has ceased. (Page 192.)

4. SAME—PROBATE JUDGMENT.—The right of a creditor to enforce a probate judgment against his deceased debtor's homestead will not be affected by his failure to ask that the administration of the debtor's estate be suspended until the homestead right has ceased (Page 192.)

5. ADMINISTRATION—EFFECT OF SETTLEMENT.—Until an order of the probate court settling an administration and closing it is set aside, such court has no jurisdiction to order land of the estate to be sold. (Page 193.)

Appeal from Monroe Chancery Court; *John M. Elliott,* Chancellor; reversed.

*Manning & Emerson,* for appellants.

There is no laches, because appellant instituted proceedings within one year after the homestead right ceased. The

action is not barred, because the statute begins to run, in case of a homestead, not from the time the administration closed, but from the time the right of homestead ceased to exist. 32 Ark. 714; 48 Ark. 230; *Id.* 277; 40 Ark. 102; 40 Ark. 433-9; 36 Ark. 254; 37 Ark. 155-9; Kirby's Dig. § 3897; 50 Ark. 329; 56 Ark. 563-7; 69 Ark. 1, 2; Kirby's Dig. § 5073; 63 Ark. 405; 70 Ark. 185; 73 Ark. 440-44; 79 Ark. 570-76; 54 Ark. 65.

*Thomas & Lee* and *John W. & Joseph M. Stayton,* for appellees.

1. A court of equity is without power to grant relief to appellants. 14 Ark. 247; 18 Ark. 335; 49 Ark. 55-6.

2. Appellants are barred by the ten years' statute of limitations, and that statute commenced to run from the time the administration was closed. 36 Ark. 401; 48 Ark. 277.

HART, J. This is a suit in chancery to subject lands of a decedent to the payment of debts probated against his estate.

The cause was tried upon an agreed statement of facts, which is as follows: "It is agreed by the parties hereto that the land described in the complaint was the homestead of J. K. Stayton. That he died November 1, 1883, leaving Ann Stayton, his widow, who died December 12, 1887, and three children, towit: Joseph N. Stayton, who was 14 years of age, Sallie B. Stayton, 18 years of age, who afterwards intermarried J. D. Rogers, and Mabel K. Stayton, who was 21 years of age on August 12, 1904; that said land was occupied by the widow and children as their homestead after the death of J. K. Stayton. That C. C. Herring was appointed administrator December 26, 1883, of the estate of J. K. Stayton by the probate court of said county; that plaintiff's claims, which are the basis of this action, were presented, and the probate court rendered judgment thereon against said estate as alleged in the complaint as follows: July 14, 1884, in favor of Abramson, and on January 12, 1885, in favor of J. F. Taylor, and that each bear 6 per cent. interest per annum, as will more fully appear, reference being had to the following orders of said probate court hereto attached and marked exhibits "A" and "B." That nothing has been paid upon either of said judgments. That there were no assets in the hands of C. C. Herring, either personal or real,

because all of the estate was exempt and could not be sold to pay the judgment aforesaid; that on July 13, 1885, C. C. Herring, the administrator, filed his report, showing that the value of the personalty amounted to $260, and asked that the same be vested in the widow and children, which was done, and on said day the administrator was finally discharged, and the administration closed, and the order of the court thereon is attached thereto marked exhibit "C." That in April, 1905, plaintiffs applied and obtained an order in the Monroe Probate Court, appointing John S. Black administrator in succession of said estate, and an order was also obtained in said probate court directing Black to sell said lands, and he advertised same for sale to satisfy aforesaid judgments. That afterwards defendants procured an order and judgment of Monroe Circuit Court quashing the letters of Black as said administrator and the order of sale. That within one year thereafter this suit was filed. The foregoing are the facts in the above cause, and it is agreed that the same shall be considered by the court as being established."

The chancery court dismissed the complaint holding that the "statute of limitations began to run against the demands of plaintiffs from the date of the closing of the administration upon the estate of defendant's ancestor, and that more than ten years had elapsed, and at the time of the attempted proceedings to subject the homestead to sale 17 years had elapsed since the close of the administration, and said demands were barred." Plaintiffs have appealed.

The contention of the defendants is clearly and tersely stated by their counsel as follows: "We conceded that if the plaintiffs had procured an order of suspension of the administration in the probate court, instead of allowing it to be closed, this would have been effectual to preserve their right to subject this land to sale for the satisfaction of their claims, but, having failed to do this, they are now barred."

To sustain their position they cite the case of *Brown* v. *Hanauer*, 48 Ark. 277, where it is held (quoting from syllabus): "Where the administration of an estate has been closed and the administrator discharged, the right of a creditor to apply for a sale of the decedent's lands for payment of a probate

claim accrues upon the discharge of the administrator, and unless the application is filed within ten years from that time it is barred."

We do not think the decision reaches to the point. There, although the lands were in the possession of the heirs, they were subject to the payment of debts probated against decedent's estate. The court held that, because the right of the creditor himself to subject the lands to the payment of his probate judgment accrued when the administration was closed, the statute of limitations began to run from that date.

Here the land, being the homestead, did not become subject to the claims of decedent's creditors until the right of homestead ceased. Under our Constitution, the probate court has no jurisdiction to sell the homestead of a decedent for the payment of his debts during the minority of his children, or until the homestead right of his widow ceases. *McCloy* v. *Arnett*, 47 Ark. 445; *Bond* v. *Montgomery*, 56 Ark. 563, and cases cited.

The effect of this provision of our Constitution is to suspend the rights of the creditor to subject the homestead to the payment of decedent's debts until the homestead right of decedent's widow and minor children cease. *Booth* v. *Goodwin*, 29 Ark. 633; 1 Woerner on Administration, *214.

There is no provision under our statute to revive a probate judgment on scire facias. *Mays* v. *Rogers*, 37 Ark. 155; 155; *Rose* v. *Thompson*, 36 Ark. 254.

It follows that, if the intervention of the homestead has prevented the creditor from proceeding to recover his debt, no cause of action has accrued on his probate judgment, and the statute of limitations will not begin to run until his cause of action accrues. Nor can he be said to be guilty of laches when the law prevents action.

Counsel for defendants insist, however, that plaintiffs should have asked that the administration be suspended until the homestead right ceased, and, having failed to do so and having allowed the administration to be closed without such action, the statute of limitations began to run, and that their cause of action is barred by the ten years statute of limitations applicable to judgments. There would be much force in this argument if the statutes gave the creditors the right to have

the administration suspended until the conditions which prevented them from subjecting the homestead of decedent to the payment of debts ceased to exist. But no such right is given them by statute, and we do not see how they otherwise could have compelled the probate court to keep the administration open for that purpose.

The order of the probate court settling the adiministration and closing it was not set aside, and, until this was done, it had no jurisdiction. *Beckett* v. *Whittington,* 92 Ark. 230.

It follows that the circuit court was right in quashing the order of the probate court ordering the land sold as being void for want of jurisdiction.

We think the case of *Brown* v. *Hanauer, supra,* is authority for the chancellor to have acted upon; but, because the right of the creditor to subject the homestead to the payment of decedent's debts did not accrue until the homestead right ceased to exist, his probate judgment is not barred by the statute of limitations.

The decree will therefore be reversed with directions to enter a decree in accordance with this opinion.