## TURNER HEIRS *v*. TURNER.

### Opinion delivered December 1, 1919.

1. ADMINISTRATION—PAYMENT OF DEBTS—LAPSE OF YEARS.—One A. died in 1894 leaving 250 acres of land, and a widow and children. The widow was assigned 190 acres as dower and homestead, the remaining 60 acres being valueless apart from the 190-acre tract. Two of A.'s sons were appointed administrators. Certain claims were filed against the estate, but nothing paid, nor were the administrators discharged. In 1918 the widow died. *Held*, the ten-year statute of limitation in Kirby's Digest, section 5073, requiring that an action in all judgments and decrees shall be commenced within ten years after the cause of action shall accrue, does not bar a judgment in favor of a creditor of the estate, while the estate is in course of administration and before an order of pyament is made.

2. HOMESTEAD—RIGHTS OF CREDITORS.—Under the Constitution, the right of creditors to subject lands constituting a homestead to the payment of their debts is suspended until the homestead rights of the widow and minor children have ceased.

3. ADMINISTRATOR—CLAIMS AGAINST ESTATE—ACTION IN—LAPSE OF TWENTY-FOUR YEARS.—Under the facts detailed in syllabus No. 1, *supra*, it was not unreasonable for the creditors and administrators to wait twenty-four years, or until the death of the widow, to begin proceedings to enforce their claims, probated against the estate.

Appeal from Izard Circuit Court; *J. B. Baker*, Judge; affirmed.

*John C. Ashley*, for appellants.

1. The debts or claims are barred by limitation. Kirby's Digest, § 5073; 23 Ark. 169; 48 *Id*. 282; Kirby's Digest, § § 79, 186. The contention of appellants is certainly true as to the 60 acres over and above homestead and dower. 37 Ark. 155; 47 *Id*. 475.

2. Petitioners are barred by laches. 63 Ark. 409; 37 *Id*. 160. The lands were assets in the hands of the administrator to pay debts. Kirby's Digest, § § 79, 186. The plaintiffs are barred by 20 years laches. *Supra*.

*Woods & Sherrill* and *Elbert Godwin*, for appellees.

The cases cited by appellant defeat their contention as to the statute of limitation and of laches. 37 Ark. 159; 48 *Id*. 252; 54 *Id*. 68; 63 *Id*. 405; 86 *Id*. 389; 97 *Id*. 189.

WOOD, J.   T. P. Turner died about the year 1894. He left surviving him a widow and several children by her and of former marriages.   S. H. Turner and George Turner, two of his children, were appointed administrators of his estate.   He was seized of 250 acres of land, 190 acres of this were set apart to the widow as her homestead and dower.   The remaining 60 acres were barren and rocky land which separate and apart from the other lands was of little if any value.   Turner also left some personal property.

In 1895 and 1896 claims were presented and allowed against the estate in the sum of $535.15.   The personal assets were duly administered.   There were certain debts owing the estate, but only the sum of $50 was collected which came into the hands of the administrators in 1918. The other debts were worthless, and the administrators took credit for them in their account current.   The last account current which was approved by the probate court in 1899 showed a balance of $57.50 of doubtful notes due the estate in the hands of the administrators.   Nothing was paid on the debts probated and allowed against the estate for the reason that there were no assets in the hands of the administrators at the time to pay the same. The administrators made no effort to sell the 60 acres, which alone were subject to the debts, for the reason that in the judgment of the administrators, separate and apart from the other tract, if put up and sold, it would not have brought enough to have paid the expenses of the sale.

In July, 1918, the widow of T. P. Turner died.   No effort was made by the creditors or the administrators until the death of the widow to have the claims which had been probated against the estate paid.   In September, 1918, after the death of the widow, the administrators filed a petition in the probate court asking for sale of all the land of the estate for the payment of the debts which had been probated against the same.   Certain heirs of Turner resisted the petition, setting up the statute of limitations and laches.

The probate court rendered judgment denying the petition of the administrators and on appeal to the circuit court the cause was tried anew and that court entered a judgment directing that the lands be sold for the purpose of paying the debts probated against the estate and for paying costs of administration. From which judgment is this appeal.

The only question for our determination is whether or not the appellees were barred either by limitations or laches from having the land described in their petition sold for the payments of the debts of the estate.

In *Mays* v. *Rogers,* 37 Ark. 159, we said: "And as payment of claims can be enforced only as directed by the statute and after the court has found upon a settlement of the administrators that there is money in his hands for the payment of them and has ordered their payment in full, or pro rata as it shall suffice, the allowance cannot be barred by the statute of limitations."

The statute applicable to the settlement of administrators and payment of claims is found in sections 142 to 159 inclusive of Kirby's Digest.

(1) It does not appear from the record that there has been any order of the probate court showing the settlement of the administrators at which it was found that there was any money in their hands sufficient to pay the claims probated and allowed against the estate and an order made by the probate court for their payment in full or pro rata, etc. The administration is still pending. While a pro rata allowance is a judgment within the meaning of section 5073, Kirby's Digest, requiring that an action on all judgments and decrees shall be commenced within ten years after the cause of action shall accrue and not thereafter, yet under the above decision this statute does not operate to bar such a judgment while the estate is in course of administration and before an order of payment is made. *Brown* v. *Hanauer,* 48 Ark. 277-82.

In *Mays* v. *Rogers, supra,* we also said: "The heirs should not be forever deterred from making improve-

ment on the property or prevented from selling by the possibility that it may be sold for the debts of the estate. The power of the administrator must be exercised within a reasonable time and will be lost by gross laches or unreasonable delay." See, also, *Stewart* v. *Smiley,* 46 Ark. 373; *Graves* v. *Pinchback, Admr., etc., et al.,* 47 Ark. 470.

So the next question is, were the administrators of the estate of T. P. Turner or the creditors barred by laches?

(2)   The homestead provisions of our Constitution suspend the right of creditors to subject lands constituting the homestead to the payment of their debts until the homestead right of the widow and minor children have ceased. *Abramson* v. *Rogers,* 97 Ark. 189.

(3)   It appears that the widow of Turner occupied the lands constituting the homestead until her death in July, 1918, and that the proceedings to subject these lands were begun the following September. Whether or not the administrators and creditors have waited an unreasonable time must depend upon the circumstances.   It is manifest from the undisputed facts of this record that the 60 acres not constituting a part of the homestead were of little if any value considered separate and apart from the homestead and dower tract; and it is equally clear that the sale of the reversion in the homestead and dower tracts would not have yielded sufficient proceeds to pay the debts, and, so far as results are concerned, would have been a fruitless proceeding.

As was said in *Killough* v. *Hinton,* 54 Ark. 65, "To have sold them before her death would have been a sacrifice of the interests alike of the creditors and heirs."

In *Roth* v. *Holland,* 56 Ark. 633, we held that a delay "for more than seven years is not reasonable and therefore defeats the rights of the creditors or an administrator in his behalf unless there is something to excuse the delay." The delay of more than twenty years after claims were probated and allowed against the estate before the proceedings were commenced to enforce their payment would defeat the lien of creditors on the ground

of laches or unreasonable delay "unless there be something to excuse the delay." *Brogan* v. *Brogan,* 63 Ark. 405.

But here the fact that the only asset of the estate in the hands of the administrator for the payment of debts was a piece of land valueless if sold separate and apart from the homestead and dower tracts, and that these were occupied by the widow and could not be sold until within three months .before these proceedings were begun, constitutes a sufficient excuse for the delay of appellees.

Affirmed.