BACKES *v.* REIDMILLER.

Opinion delivered March 19, 1923.

1. EXECUTORS AND ADMINISTRATORS—LANDS AS ASSETS.—Lands are assets in the hands of an administrator for the payment of the debts of an intestate only where the personal property of the estate is insufficient to pay the debts.

2. EXECUTORS AND ADMINISTRATORS—APPLICATION FOR SALE OF LAND TO PAY DEBTS—LIMITATION.—While there is no statute limiting the lien of debts against a decedent's realty, application for sale of such realty to pay his debts must be made within a reasonable time, which is generaly fixed by analogy to the statute of limitations for bringing an action to recover real estate.

3. EXECUTORS AND ADMINISTRATORS—APPLICATION TO SELL LAND—LACHES.—Where all of the personal property of an estate, after paying the costs of administration, was turned over to decedent's widow, lands of the estate immediately became subject to the payment of the debts of the estate, and a delay of ten years

thereafter without excuse before applying for sale of such real estate was unreasonable, and will operate as a bar to such sale.

Appeal from Conway Chancery Court; *W. E. Atkinson,* Chancellor; reversed.

STATEMENT OF FACTS.

On August 9, 1918, Joseph Reidmiller brought this suit in equity against Mrs. Martha Backes and Annie Freyaldenhoven to subject 240 acres of land belonging to the estate of Michael Backes, deceased, to the payment of his claim as a creditor of said estate.

On November 5, 1902, Michael Backes executed his promissory note to Joseph Reidmiller for the sum of $300, due one year after date, with interest at the rate of 6 per cent. per annum from date until paid.

On April 1, 1905, Michael Backes executed his promissory note to Joseph Reidmiller for $100, due November 14, 1906, with interest at 6 per cent. from date until paid. In 1907 Michael Backes died intestate, leaving surviv-. ing him his widow, Mrs. Michael Backes, and Annie Freyaldenhoven, his daughter and sole heir at law. Soon after his death J. S. Moose was appointed administrator of his estate. On January 13, 1908, the $300 note above described was duly probated against his estate and allowed by the probate court, and ordered paid. On the same day the $100 note was also duly probated and ordered paid by the probate court.

In 1908 the widow brought suit against the administrator and the daughter and sole heir at law of said Michael Backes, and asked that $400, being the proceeds from the sale of the personal property belonging to said estate, be paid over to her, and said amount was paid over to her pursuant to the decree of said chancery court.

In 1913 J. S. Moose, as such administrator, filed an account current in which he accounted for all the personal property belonging to said estate and obtained credit for the disbursement thereof to the widow, and for costs of administration. The account was duly con-

firmed by the court, but no order was made discharging
the administrator. The administrator, however, pro-
ceeded on the theory that he had already settled the es-
tate, and abandoned the further administration thereof.
Soon afterwards he left the State of Arkansas and re-
sided in the State of California for two years before re-
turning to this State.

There are 240 acres of land belonging to the estate
of Michael Backes, deceased, and the widow and daughter
are in possession of it. Michael Backes kept the interest
paid on the $300 note up to the date of his death.

The court found that there was a balance due on the
principal and interest on the two promissory notes of
$760, and declared the same to be a lien against the
lands of the estate of Michael Backes, deceased. It was
also decreed that the land should be sold by a special
commissioner to satisfy the lien.

The defendants have duly prosecuted an appeal to
this court.

*Edward Gordon,* for appellant.

The lands of the estate could have been subjected,
through the chancery court, to the payment of a valid
claim had the administration been closed, the administra-
tor discharged, and the heirs taken possession, but such
is not the case. The administrator not having been dis-
charged, the probate court only had jurisdiction. Const.
1836; § 34, art. 7, Const. 1874; Crawford & Moses'
Digest, § 2256; *Biscoe* v. *Butt, Admr.,* 5 Ark. 305;
*Trimble* v. *Jones,* 40 Ark. 393; *State* v. *Roth,* 47 Ark. 222;
*Meredith* v. *Scullin,* 51 Ark. 366. *Flash* v. *Gresham,* 36
Ark. 529; *Hawkins* v. *Layne,* 48 Ark. 544. Probate
court can compel discovery of assets of estate. *Moss* v.
*Sanders,* 15 Ark. 381; *Welsh* v. *Lloyd,* 5 Ark. 367. Can
determine whether creditors have lost rights by laches
when. *Brogan* v. *Brogan,* 63 Ark. 405. See also on
question of jurisdiction of probate court, *Ark. Valley
Trust Co.* v. *Young,* 128 Ark. 42. Has exclusive original
jurisdiction of estates of deceased persons, and chancery

court cannot take cognizance on grounds of ordinary equity jurisdiction, 34 Ark. 63. Claim is barred by 10-year statute of limitations. Section 6959, Crawford & Moses' Digest.

*Strait & Strait,* for appellee.

The correctness of appellee's claim is not disputed, nor that same was duly probated. There are no personal effects in hands of administrator, who has filed final report, and the heir appellant is in possession of the real estate. Suit was brought within less than five years after final settlement. Cause of action not barred. *Fort* v. *Blogg,* 38 Ark. 474; *Breining* v. *Lippincott,* 125 Ark. 77; *Jackson* v. *McNabb,* 39 Ark. 116; *Lester* v. *Bemis Lbr. Co.,* 71 Ark. 379. Equity has jurisdiction to charge real property in possession of the heir with payment of probated indebtedness. *Hall* v. *Brewer,* 40 Ark. 433, *Hill* v. *Ewing,* 31 Ark. 234; *Hitch* v. *Skaggs,* 53 Ark. 291; *Burton* v. *Anderson,* 56 Ark. 474; *Jones* v. *Franklin,* 30 Ark. 631; *Hendricks* v. *Keene,* 32 Ark. 714; *Hall* v. *Cole,* 71 Ark. 601; *Cole* v. *Hall,* 85 Ark. 144. Even if administration not closed. *Hall* v. *Brewer,* 40 Ark. 433.

HART, J., (after stating the facts). Lands are only assets in the hands of an administrator for the payment of the debts of the intestate where the personal property of the estate is insufficient to pay the debts. *Doke* v. *Benton County Lumber Co.,* 114 Ark. 1. There is no statute in this State limiting the lien of a decedent's debts against his realty. But it has been uniformly held that an application for the sale of a decedent's realty to pay his debts must be made within a reasonable time, and such time has been generally fixed by analogy with the statute of limitation for bringing an action to recover real estate. The reason upon which the limitation is placed is that the heirs are entitled to the possession of the real estate in order that they may improve and enjoy it as early as a just regard for the rights of creditors will permit.

In *Roth* v. *Holland,* 56 Ark. 633, in discussing the question the court said: "But delay on part of creditors alike postpones the unconditional enjoyment of the heir and deters him from improving or selling his inheritance, whether it relates to the procuring of letters or of an order of sale; and if it is sufficient to bar the power to sell in one case, for exactly the same reason it should be in the other. Delay in taking out letters, and delay in applying to sell after they are taken out, alike keep alive uncertainty in the tenure of the heir, and are alike due to the nonaction of the creditor. For, although letters are issued upon application of the administrator, it is within the power of creditors to compel administration after thirty days from the debtor's death, and, if it is delayed, it is as much due to them as is the delay in applying for leave to sell. Our conclusion therefore is that the right to sell is lost by delay in administering, whenever a like delay after administering, in procedings to sell, would forfeit it. *Unknown Heirs of Langworthy* v. *Baker,* 23 Ill. 491; *Richard* v. *Williams,* 7 Wheat. 116. See also, *Brogan* v. *Brogam,* 63 Ark. 405, and *Brown* v. *Nelms,* 86 Ark. 368, and cases cited.

It appears from the record that letters of administration were granted upon the estate of Michael Backes, deceased, soon after his death in 1907. The present action to subject the land belonging to his estate to the payment of his debts was not begun until August 9, 1918. The personal property of the estate was turned over to the widow in 1908. The administrator filed an account purporting to settle all the funds belonging to the estate in his hands in 1913. While he was not formally discharged as administrator, he abandoned the administration of the estate from that time, and soon afterwards left the State for a period of two years. After his return he took no further steps in the administration of the estate.

As we have just seen, the proceeds of the personal property of the estate, except a small part used in paying the costs of administration, were turned over to the

widow in 1908. The lands then became subject to the payment of the debts of the estate, and no excuse whatever is given for the long delay in applying for the sale of the real estate to pay the debts. Therefore we hold that the delay was unreasonable, and, no excuse having been made for it, the lapse of ten years from the time it became known that the land would be needed for the payment of debts until the present suit was brought will operate as a bar to a sale thereof.

In this view of the case it does not make any difference whether the application should have been made to the probate court or whether chancery was the proper forum, because the administrator had abandoned the administration of the estate before he was discharged by the probate court.

From the views we have expressed it results that the chancellor erred in granting the application of the plaintiff to sell the real estate of the decedent for the payment of his debt, and for that error the decree must be reversed. Inasmuch as the case has been fully developed, the cause will be remanded to the chancery court, with directions to dismiss the complaint of the plaintiff for want of equity.