FIELD *v.* TYNER.

## Opinion delivered March 3, 1924.

1. DEED—LIFE ESTATE.—Where the granting clause of a deed contained a condition that the grantor and wife reserve the rights of the rents and profits arising from said lands for and during their natural lives, and at their death the grantee "is to take charge of the same under this deed and to hold the same unto him and his heirs and assigns forever, with all the appurtenances thereto belonging," the grantor reserved a life estate in himself and wife, with remainder to the grantee.

2. HOMESTEAD—ESTATE IN REMAINDER.—A remainderman could acquire no estate of homestead in land where the life tenant survived him.

3. DOWER—SEIZIN OF HUSBAND.—Where a remainderman died during the life of the life tenant, his widow acquired no estate of dower in the land, since he was never seized thereof.

4. EXECUTORS AND ADMINISTRATORS—LIMITATION.—To the rule that seven years' delay after the death of decedent bars an application to sell his land for debts, there is an exception where his estate in the land was that of a remainderman, and the life tenant survived him, in which case the statute did not run until the death of the life tenant.

Appeal from Greene Chancery Court; *Archer Wheatley,* Chancellor; reversed.

*Robert E. Fuhr* and *J. M. Futrell,* for appellants.

1. The reservation in the deed, as is shown by the undisputed testimony, was intended only as a charge on the lands for the purpose of supporting the grantors during their respective lives. 2 Blackstone, chap. 3 pp. 511, 512; 7 Wend. 463, 468; 84 N. Y. 16, 19; 2 Washburn on Real Property, 248.

2. We think the children of J. B. Field have a homestead interest in this land which they can now assert. This court has held that "when the particular estate is determined and the remainderman is entitled to immediate possession, he may claim his homestead in the premises, if his contingent interest has not been sold in the meantime by his creditors. 123 Ark. 607; 21 Cyc. 503; 15 A. & E. Enc. of L., 2d ed., 556; 5 Modern American Law, 297. The creditors have delayed too long to assert

their rights. This case comes within the rule announced in the case of *Roth* v. *Holland,* 56 Ark. 633, and in *Backes* v. *Reidmiller,* 157 Ark. 569.

*Block & Kirsch* and *R. P. Taylor,* for appellees.

1. The granting clause in the deed makes it clear that the grantors reserved a life estate in the lands conveyed. The qualification in the granting clause must be given full effect. 121 Ark. 99; 93 Ark. 5.

2. The remainderman could not claim a homestead right in the land before the expiration of the life tenancy. 123 Ark. 607. He must have impressed the homestead character upon the land before the widow and children could claim it as a homestead. 132 Ark. 357.

3. As to laches, the decisions are not uniform, but attention is called to 54 Ark. 65, and 141 Ark. 48, on the authority of which cases it seems clear that, if the creditors proceeded in a reasonable time after the death of Mary A. Field, and they did not delay unduly after her death, they had the right to a decree of sale.

Humphreys, J. Appellees, judgment creditors of J. B. Field, instituted this suit against appellants in the chancery court of Greene County to subject the NE¼, NW¼ and NW¼, NE¼ section 4, township 16 north, range 4 east, in said county, to the payment of their claims. Letters of administration were issued to T. B. Kitchens on the estate of J. B. Field on the 24th day of January, 1913, and their claims were probated and allowed in April and May of that year. The assets of the estate which were sold were not sufficient to pay the creditors in full. No attempt was made, until the institution of this suit on the 24th day of August, 1921, to subject the lands in question to the payment of said indebtedness. Said lands were owned and occupied by J. C. Field as his homestead, prior to and on the 24th day of February, 1908, on which day he and his wife conveyed same to their son, J. B. Field, who, with his family, resided with them, incorporating in the granting clause of the deed of conveyance the following condition: "Whereas the grantors, James C. Field and Mary A. Field, reserve the rights of

the rents and profits arising from said lands for and during their natural lives, and at their death, the grantee, J. B. Field, is to take charge of the same under this deed, and to have and to hold the same to the said J. B. Field and unto his heirs and assigns forever, with all the appurtenances thereunto belonging.''

J. C. Field died the day after the execution and delivery of the deed. J. B. Field, with his wife, Bertha, and their three children, Jewell, Lillian and Carrie, continued to live with Mary A. Field, widow of J. C. Field, upon the farm, until his death in 1913. During this time J. B. Field managed the farm, made some improvements thereon, and paid the taxes. After his death his wife and children removed to town, where they could be with her parents and the children could go to school. The grandmother, Mary A. Field, remained upon the farm, and paid the taxes thereon, until her death on the 7th day of April, 1921. This suit was then brought, to which appellants interposed the defenses that said lands constituted their homestead, which exempted them from sale, and, if not, appellees were barred by laches from subjecting them to the payment of their judgments. The cause was submitted to the court upon the pleadings and testimony, which resulted in a decree condemning the lands to sale for the payment of appellee's judgments, from which is this appeal.

The first contention of appellants, that the lands were exempt from sale because they constituted their homestead, must depend upon whether J. B. Field acquired a fee simple title or a remainder under his deed from his father and mother. Appellants construe the reservation in the deed as relating to rents and profits, and not to an interest in the lands. Appellees construe it as meaning a life estate in the lands. The word ''same'' throughout the reservation refers to lands as an antecedent, and not to rents and profits. The use of the word ''appurtenances'' in the reservation indicates that it refers to an interest in the lands, and not to rents and profits thereon, for the rents and profits have no appurtenances.

J. B. Field, then, being a remainderman during his entire life, could not have impressed the land with a homestead by his occupancy. *Brooks* v. *Goodwin,* 123 Ark. 607. Appellants therefore did not derive an estate of homestead in the lands from their husband and father, J. B. Field. *Stuckey* v. *Horn,* 132 Ark. 357. Nor was Bertha Field entitled to a dower estate in the lands. To have entitled her to a dower interest therein, it was necessary that her husband, J. B. Field, should have been actually seized thereof during their coverture. He was only a remainderman, and not entitled to the possession of the lands during his life. *McGuire* v. *Cook,* 98 Ark. 118.

The only remaining question to determine is whether or not appellees were barred by laches from proceeding against these lands when they instituted this suit. This court is committed to the doctrine that, by analogy to the seven-year statute of limitations to recover real estate, creditors are barred by laches who do not proceed before that time to enforce their claims, unless there is something to excuse the delay. *Roth* v. *Holland,* 56 Ark. 63; *Brogan* v. *Brogan,* 63 Ark. 405; *Black* v. *Robinson,* 70 Ark. 185; *Turner Heirs* v. *Turner,* 141 Ark. 48; *Backes* v. *Reidmiller,* 157 Ark. 569. In the instant case more than seven years elapsed from the date of the issuance of the letters of administration on the estate of J. B. Field to T. B. Kitchen, before this suit was instituted, but the intervening definite life estate of Mary A. Field was a sufficient excuse for the delay. It was held in the case of *Killough* v. *Hinton,* 54 Ark. 65, that an assigned dower estate in the lands sought to be subjected to the payment of the claims of creditors of an estate was a sufficient excuse for delay until the death of the widow. The facts in the case at bar with respect to the hindrance are identical with the facts in the case of *Killough* v. *Hinton, supra,* so limitations against the creditors did not begin to run until the death of Mary A. Field on the 7th day of April, 1921. While creditors may proceed at once to collect their claims out of lands subject to a definite life

estate, they are not compelled to do so until the death of the owner of the life estate therein. Appellees were not barred by laches when they sought to subject the lands to the payment of their claims.

The decree is affirmed.